UNITED STATES of America, Plaintiff–Appellee,

v.

Daniel Eugene KELLER, a/k/a Daniel Keller, David Keller, Daniel Andrew Thompson, Daniel Andrew Keller, Defendant–Appellant.

No. 05–50631.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2007.

Filed Nov. 30, 2007.

cation and is not precedent except as provided by 9th Cir. R. 36–3.

---

Becky S. Walker, Esq., Jaime Guerrero, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jeff Dominic Price, Esq., Santa Monica, CA, for Defendant–Appellant.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM *

Daniel Eugene Keller appeals from his guilty-plea conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

A grand jury returned an eleven count indictment against Keller. He pled guilty to two counts, namely: (1) conspiracy to manufacture and distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphet-

amine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1); and (2) using a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Keller contends that his guilty plea to the § 924(c) charge should be vacated because the district court committed reversible plain error by incorrectly advising him of the elements of the § 924(c) charge during the Rule 11 hearing. The government concedes that the defendant was not correctly advised of the elements of the § 924(c) offense.

In order to prevail on his claim of plain error, Keller must establish that (1) there was error, (2) the error was plain, and (3) the error affected substantial rights. *United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). When a defendant seeks vacation of a plea on the ground that the district court committed plain error under Rule 11, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez,* 542 U.S. 74, 76, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

■ In this case, the Rule 11 error was plain. The defendant was not accurately informed of the elements of the § 924(c) offense. The government did not place in the record facts that would be sufficient to prove the offense beyond a mere recitation of the statutory language. After a careful review of the record and consideration of argument of counsel, we conclude that there was a reasonable probability that the defendant may not have entered a guilty plea had he been accurately advised of the elements of the offense. Because his agreement to plead guilty was not knowing

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and voluntary, we must vacate his guilty plea and remand.

 Keller asks us to excise only his guilty plea for the § 924(c). However, this remedy is inappropriate. Keller entered into an integrated plea agreement that covered two counts of the indictment. The proper remedy when one count of an integrated plea agreement is vacated because of a Rule 11 violation is to vacate the entire plea agreement and remand for further proceedings, which may include reinstatement of the indictment. *United States v. Sandoval-Lopez,* 122 F.3d 797, 802 (9th Cir.1997).

**REVERSED AND REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.